IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIELLE KEYSHAWN STANBACK       *
                                 *
v.                               *
                                 *    Civil Action No. WMN-15-3064
STEWART LEVITAS et al.           *
                                 *
                                 *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

<u>**MEMORANDUM**</u>

Before the Court is Plaintiff's motion to remand this
action to the Circuit Court for Baltimore City.  ECF No. 16.
The motion is fully briefed.  Upon a review of the pleadings and
the applicable case law, the Court determines that no hearing is
necessary, Local Rule 105.6, and that Plaintiff's motion will be
granted.

On August 24, 2015, Plaintiff Danielle Keyshawn Stanback
commenced the instant action in the Circuit Court for Baltimore
City against Defendants Stewart Levitas (Levitas), the Estate of
Stewart Levitas, and State Real Estate, Inc. (State Real
Estate), asserting claims under the Maryland Consumer Protection
Act, Md. Code Ann., Com. Law § 13-101, et seq., and Maryland
common law.  Stanback is a citizen of Maryland.  State Real
Estate was a Maryland corporation whose charter was forfeited in
2013.  <u>See</u> Md. Dept. Assessment and Taxation Report, ECF No. 16
at 6.  It is undisputed that State Real Estate was incorporated

in the State of Maryland and last conducted business in the
State of Maryland.  Levitas, a citizen of the State of Florida,
was a director of State Real Estate and became a trustee of its
assets at the time of forfeiture of its charter.

Levitas filed a timely Notice of Removal on October 8,
2015, invoking this Court's purported diversity jurisdiction.
Now pending before the Court is Plaintiff's Motion to Remand to
the Circuit Court for Baltimore City.  ECF No. 16.  The issue
presented by the Motion to Remand is whether the Court must
consider State Real Estate's citizenship for the purposes of
determining this Court's subject matter jurisdiction.  For the
reasons that follow, the Court concludes that State Real
Estate's citizenship must be considered and that its prior
status as a Maryland corporation renders it a citizen of
Maryland, thus defeating the Court's diversity jurisdiction.

Federal Courts are courts of limited jurisdiction, and a
district court must remand any case in which it lacks subject
matter jurisdiction.  28 U.S.C. § 1447(c).  Therefore, a party
seeking adjudication in federal court must "demonstrate the
federal court's jurisdiction over the matter." Strawn v. AT & T
Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008).  Where a
defendant seeks to remove a case to federal court, the defendant
must simply allege subject matter jurisdiction in his notice of
removal.  Id.  If, however, the plaintiff challenges removal in

a motion to remand, then the burden is on the defendant to

"demonstrat[e] that removal jurisdiction is proper."  Id. at 297

(emphasis in original).

District courts have jurisdiction over civil actions "where

the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of

different states."  28 U.S.C. § 1332(a)(1).  For diversity

jurisdiction to exist there must be complete diversity, meaning

that "no party shares common citizenship with any party on the

other side."  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.

1999).  Diverse parties also "must be real and substantial

parties to the controversy.  Thus, a federal court must

disregard nominal or formal parties and rest jurisdiction only

upon the citizenship of real parties to the controversy."

Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980).  The Fourth

Circuit has applied this principle in a series of cases in which

it held that the citizenship of an administrator of an estate

appointed solely to prosecute a wrongful death claim should be

disregarded for diversity purposes.  See Messer v. American

Gems, Inc., 612 F.2d 1367 (4th Cir. 1980); Miller v. Perry, 456

F.2d 63 (4th Cir. 1972); Lester v. McFaddon, 415 F.2d 1101 (4th

Cir. 1969).  In these cases, the Fourth Circuit emphasized that

a party must have a stake in the litigation in order to be

considered a real or substantial, as opposed to a nominal or formal, party.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  In Maryland, when a corporation forfeits its charter, "the powers conferred by law on the corporation[] are inoperative, null, and void as of the date of the proclamation [of forfeiture]."  Md. Code Ann., Corps. & Ass'ns § 3-503(d). Thus, "all powers . . . including the power to sue or be sued," are extinguished during the forfeiture period.  Dual Inc. v. Lockheed Martin Corp., 857 A.2d 1095, 1101 (Md. 2004). Nevertheless, Maryland "state law makes it clear that a corporation continues to exist, at least for some limited purposes beyond forfeiture or dissolution of its charter." Thomas v. Rowhouses, Inc., 47 A.3d 625, 630 (Md. Ct. Spec. App. 2012).

According to Md. Code Ann., Corps. & Ass'ns § 3-515, "[w]hen the charter of a Maryland corporation has been forfeited, until a court appoints a receiver, the directors of the corporation become the trustees of its assets for purposes of liquidation."  This corporate survivor statute allows the director-trustees to sue or be sued in the name of the corporation.  The Maryland Court of Appeals has interpreted § 3-

4

515, as granting directors-trustees power "only for the winding up of a corporation's affairs." Dual Inc., 857 A.2d at 1102. As a consequence, "a trustee only may sue in the trustee's own name if there is a rational relationship between the suit and a legitimate winding up activity of the corporation." Id.

"Winding up" generally includes paying all debts, obligations and liabilities of the corporation, distributing property and resolving pending suits against the corporation. Fletcher Corporate Forms at § 3671 (4th ed. 2001); 16A Fletcher Cyclopedia of the Law of Corporations at § 8141. Thus, under § 3-515, a corporation, whose charter has been forfeited and which is in the process of "winding up," is still "alive" for purposes of being sued to satisfy its debts and liabilities. Thomas, 47 A.3d at 630. In addition, Maryland state law has not established a set time period or "deadline for the winding up of corporate affairs." Id. at 634 n.18.

The present case is similar to Thomas. In Thomas, plaintiff brought suit against Rowhouses, Inc. (Rowhouses), a defunct Maryland corporation, requesting damages due to lead paint poisoning. Id. at 627. The Thomas court found that Rowhouses' charter had been forfeited and it was in the process of "winding up," yet it was still "alive" for the purposes of being sued to satisfy its debts and liabilities. Id. at 630-31. Similarly, State Real Estate is still in the "winding up" phase.

While Defendant argues that State Real Estate no longer has any assets, Plaintiff notes that State Real Estate has "remaining assets in the form of an insurance policy."  ECF No. 20 at 2; see Penn Nat. Insurance Decl., ECF No. 20-1.  Insurance policies have been "embraced in th[e] statutory definition of property." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001 (4th Cir. 1986). Since State Real Estate is alive with assets, State Real Estate may be sued in its own name as a Maryland corporation.  As stated previously, it is undisputed that the State of Maryland is the jurisdiction of incorporation for State Real Estate and that the State of Maryland is the jurisdiction in which State Real Estate last conducted business.  Thus, State Real Estate's Maryland citizenship is considered for purposes of diversity jurisdiction.  The Court finds the parties lack complete diversity and that the instant lawsuit must be remanded to the Circuit Court for Baltimore City.

A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: March 9, 2016.